# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, SUN LIFE FINANCIAL, COMMUNITY HOSPITALS OF CENTRAL CALIFORNIA dba COMMUNITY MEDICAL CENTERS EMPLOYEE BENEFIT PLAN and DOES 1-10<br><br>    Defendants. | CV F 08-0405 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO AUGMENT THE ADMINISTRATIVE RECORD<br><br>Doc. # 24 |

This is an action pursuant to the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In this action, plaintiff Laura Williams ("Plaintiff") seeks to recover benefits she contends were wrongfully denied by defendant Sun Life Assurance Company of Canada ("Sun Life"). In the instant motion, the court considers Plaintiff's request to augment the administrative record with a declaration from an attending physician to clarify a significant material ambiguity in the administrative record. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was employed by defendant Community Hospitals of Central California as a rehabilitation scheduler. As part of her benefits package, Plaintiff was enrolled in the

disability plan administered by Community Hospitals of Central California dba Community Medical Centers Employee Benefit Plan (hereinafter, the "Plan"). Defendant Sun Life functioned as the third-party insurer of the Plan and also functioned as the claims administrator. Plaintiff alleges that she "sustained a serious injury on March 13, 2006 when the hydraulics in a chair in which she sat suddenly failed and 'bottomed out.'" Doc. # 25 at 2:10-11. Plaintiff alleges she suffered herniation of a disk in her spine and has experienced severe low back pain since the accident. The day following the accident, Plaintiff was referred by her employer to Dr. Rhea Wong, M.D., Ph.D., who placed Plaintiff on temporary disability. Plaintiff subsequently underwent surgery on or about July 27, 2007, to correct the disk herniation. The surgery did not resolve Plaintiff's complaints and a second surgery was apparently undertaken at an later, unknown, date.

Plaintiff applied for group disability benefits under the Plan on or about November 14, 2006. Sun Live denied the application on February 27, 2007, "based on their determination [Plaintiff] was not medically disabled from returning to her job during the entire Elimination Period from March 13, 2006 through September 11, 2006." Doc. # 25 at 3:5-7. Plaintiff appealed the denial. On September 17, 2007, Sun Life affirmed the denial and informed Plaintiff that all administrative remedies had been exhausted.

Plaintiff alleges that Sun Life's determination that Plaintiff was able to work during the elimination period was based on the review of Plaintiff's medical records conducted by Dr. Victoria Langa, who "prepared a report dated August 31, 2007, in which [Dr. Langa] concluded that 'between March 13, 2006, and July 12, 2007, [Plaintiff] could have performed primarily sedentary work activities that did not require her to sit for longer than 45 minutes at a time or sit for longer than six hours of an eight hour workday.'" Doc. # 25 at 4:1-3.

Plaintiff further alleges that Dr. Langa's report, which was contrary to the determinations of all of Plaintiff's treating physicians, was based on Dr. Langa's erroneous interpretation of an Attending Physician Statement prepared by Dr. Wong. The Attending Physician Statement was dated February 1, 2007. The Statement is in the form of a "check the box" form that is intended to indicate the hours per work day the subject can stand/walk,

sit, or drive.  The Attending Physician Statement is a form designed by Sun Life and provided to physicians for the apparent purpose of summarizing medical evaluation information for the purpose of insurance review.  Plaintiff alleges the portion of the Attending Physician Statement that is at issue in the instant motion appeared and was filled out by Dr. Wong as follows:

A. In a normal day, the patient may:

    1. Stand/Walk    ☐ None    [x] 1-4 hours    ☐ 4-6 hours    ☐ 6-10 hours

    2. Sit    [x] 1-3 hours    ☐ 3-5 hours    ☐ 5-10 hours

    3. Drive    [x] 1-3 hours    ☐ 3-5 hours    ☐ 5-10 hours

Plaintiff alleges that Dr. Wong "understood that what she was indicating when she filled out the Attending Physician Statement was that [Plaintiff] could sit intermittently for a _total_ of 1-3 hours in an eight hour day and could only sit for a _total_ of 1-3 hours providing [Plaintiff] continued taking the large doses of pain medication that she was then consuming."  Doc. # 25 at 25-27.  Plaintiff alleges Sun Life came to the unsupported conclusion that Plaintiff could sit for up to a 45-minute period up to an aggregate of 6 hours per day by adding the high end of the sit and drive questions listed above.

Defendants point out that the Attending Physician's Statement was not before the claims administrator at the time the initial decision to deny benefits was made.  The initial medical record review was performed by a Dr. Sarni.  The Attending Physician Statement was apparently received subsequent to the initial decision by Dr. Sarni and did not alter the determination that Plaintiff was not disabled from performing her job during the entire 180-day exclusion period.  Sun Life acknowledges that the Attending Physician Statement was available during the appeal and acknowledges that Plaintiff informed Sun Life that, in her opinion, the misinterpretation of Dr. Wong's Attending Physician Statement was a significant basis for Sun Life's decision to deny benefits.  Defendants point out Plaintiff was advised that she could submit additional information during the appeal process that she felt had not been considered, but declined to do so.  Defendants do not deny that the Attending Physician Statement was material in the medical record review by Dr. Langa.  Defendants do allege that

all medical reviews were based not on any one piece of information, but on all the information before the evaluator at the time of the decision.

## LEGAL STANDARD

The default standard for the judicial review of benefits decisions by plan administrators in ERISA cases is de novo unless the plan unambiguously retains discretion in the plan administrator. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 105 (1989). The parties in this case do not dispute that the proper standard for review is *de novo*. Under *de novo* review the district court simply determines whether the plan administrator correctly or incorrectly denied benefits. Opeta v. Northwest Airlines Pension Plan, 484 F.3d 1211, 1217 (9th Cir. 2007). "Where there is a sufficiently developed record before the plan administrator the court should not review document not submitted to the plan administrator prior to its decision." Mongeluzo v. Baxter Travenol Long Term Disability, 46 F.3d 938, 943 (9th Cir. 1995). However, a district court employing *de novo* review of a denial of benefits under ERISA may allow evidence beyond what was present to the plan administrator where "that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." Id. at 943-944.

## DISCUSSION

What Plaintiff seeks to add to the record on review is a statement by Dr. Wong the purpose of which is to settle any difference between what Dr. Wong thought was being communicated in the above-quoted form that was filled out and the interpretation given to the form by Sun Life. Plaintiff's basic contention is that information reflected in the form is inherently ambiguous because there is no basis within the form itself to determine whether the categories of activities are intended to reflect the additive capacity of the insured to perform the indicated tasks or whether the categories are intended to reflect total amounts of each activity possible in a day where none of the other activities are undertaken. Plaintiff avers that, should Dr. Wong be allowed to submit a statement regarding the form she filled out, she would state that her intention was to communicate that Plaintiff could sit for a total time of 1 to 3 hours in an eight-hour workday regardless of whether that time was sitting or

driving.

The court agrees that, contrary to Defendants' opposition, the Attending Physician Statement form is inherently ambiguous. First, as Plaintiff points out, it is not clear whether an entry in one category is intended to be considered inclusively with entries in other categories or exclusive of any other entry. Second, with respect to the closely linked activities of sitting and driving, there is a substantial difference between 1 and three hours. Thus, an Attending Physician Statement that is filled out by checking the 1-3 hour boxes for both sitting and driving could be interpreted as indicating that the insured could sit for one hour <u>or</u> drive for one hour; or it could be used to indicate that the insured could sit for three hours <u>and</u> sit or drive for an <u>additional</u> three hours in a routine work day. Or anything in between. The court has reviewed the Attending Physician Statement as provided in Exhibit "A" to Document # 30-2 and finds there is nothing internal to the form that would indicate that one or the other end of the substantial range of interpretations of the insured's functional capability is proper.

The court has reviewed the letter informing Plaintiff of Sun Life's determination that she is not entitled to disability benefits as provided in Exhibit "A" to Document # 30-2. The court finds that the Attending Physician Statement, while undoubtably not the only factor considered by Sun Life in its decision to deny Plaintiff's application for benefits, was certainly material in that determination.

Where an ERISA claim is to be decided by a district court using the *de novo* standard of review, the court should not consider evidence that was not considered by the plan administrator simply because the evidence exists. <u>Mongeluzo</u>, 46 F.3d at 944. Rather, court's discretion to consider evidence that was not before the plan administrator at the time of the decision is to be exercised only in those situations where the "additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision. <u>Id.</u> Thus the consideration of evidence not in the administrative record is only warranted under unusual circumstances. <u>Opeta</u>, 484 F.3d at 1217. Relevant to the situation before this court, district courts have found such unusual circumstances where there are "claims that require

consideration of complex medical questions or issues regarding the credibility of medical experts" or in "instances where the payor and the administrator are the same entity and the court is concerned about impartiality." Id.

The court's decision to exercise its discretion to allow Plaintiff to augment the record through the submission of explanatory information by Dr. Wong is guided by two considerations. First, the information that Plaintiff seeks to augment the record is not, strictly speaking, new information; it is information necessary to correct or resolve an ambiguity that was created by Sun Life. What is at stake is the credibility of Sun Life's evaluation, through its medical experts, of the medical examination and conclusions of Plaintiff's physician, Dr. Wong. Dr. Wong's statement clarifying the ambiguity is, in the court's opinion, necessary to an adequate *de novo* review because it will resolve the credibility issue that attends Sun Life's interpretation of the Attending Physician Statement.

Second, the court has some concerns with the potential for conflict of interest in this case. Based on the prior representations of the parties, it is the court's understanding that, although Sun Life is not the plan administrator, Sun Life is the claims administrator with final authority over any award of benefits. Given that Sun Life is both claims administrator and insuror, the court is of the opinion that some leeway should be granted with regard to the consideration of information outside the administrative record where the consideration of such evidence may insure against the possibility that Sun Life could interpret the ambiguity they are responsible for creating to their financial benefit and to the detriment of the insured. In this regard, a declaration by Dr. Wong regarding her input on the Attending Physician Statement is a relatively minor imposition on the purpose behind the general rule that only the information contained in the administrative record should be considered; an intrusion that is justified by the assurance it provides that Sun Life is not engaging in self-serving interpretation of the ambiguity it created.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Plaintiff's motion to augment the record is hereby GRANTED to the limited extent set forth in

1  Plaintiff's motion and discussed herein.

3  IT IS SO ORDERED.

4  **Dated:     March 6, 2009**                    **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE