IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA WILLIAMS,            )<br>                                                  )<br>           **Plaintiff**,                    )<br>                                                  )<br>     v.                                         )<br>                                                  )<br>SUN LIFE ASSURANCE COMPANY OF )<br>CANADA, SUN LIFE FINANCIAL,  )<br>COMMUNITY HOSPITALS OF       )<br>CENTRAL CALIFORNIA dba       )<br>COMMUNITY MEDICAL CENTERS   )<br>EMPLOYEE BENEFIT PLAN and    )<br>DOES 1-10                              )<br>                                                  )<br>           **Defendants.**              )<br>_____ ) | CV F 08-0405 AWI DLB<br><br>ORDER DENYING<br>DEFENDANTS' MOTION TO<br>RESPOND TO THE<br>AUGMENTED<br>ADMINISTRATIVE RECORD<br><br>Doc. # 41 |

In this action pursuant to the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq, the court issued a Memorandum Opinion and Order on March 9, 2009 (the "March 9 Order") permitting limited augmentation of the administrative record. Specifically, the March 9 Order permitted the augmentation of the administrative record by allowing Plaintiff's examining physician (Dr. Wong) to file a declaration explaining how she interpreted an ambiguity contained in a form used by the plan administrator, called the "Attending Physician Statement." In the instant motion, Defendants request "the opportunity to investigate Plaintiff's newly submitted evidence by deposing Dr.

1  Wong and conducting an Independent Medical Examination ("IME") and Functional
2  Capacity Evaluation ("FCE").  Doc. # 40 at 1-3.  For the following reasons the court will
3  deny Defendants' motion.
4      In its March 9 Order, the court explained its two principle concerns in granting
5  Plaintiff's motion to allow augmentation of the administrative record as follows:

> First, the information that Plaintiff seeks to augment the record is not, strictly speaking, new information; it is information necessary to correct or resolve an ambiguity that was created by Sun Life.  What is at stake is the credibility of Sun Life's evaluation, through its medical experts, of the medical examination and conclusions of Plaintiff's physician, Dr. Wong.  Dr. Wong's statement clarifying the ambiguity is, in the court's opinion, necessary to an adequate *de novo* review because it will resolve the credibility issue that attends Sun Life's interpretation of the Attending Physician Statement.
>
> Second, the court has some concerns with the potential for conflict of interest in this case.  Based on the prior representations of the parties, it is the court's understanding that, although Sun Life is not the plan administrator, Sun Life is the claims administrator with final authority over any award of benefits.  Given that Sun Life is both claims administrator and insuror, the court is of the opinion that some leeway should be granted with regard to the consideration of information outside the administrative record where the consideration of such evidence may insure against the possibility that Sun Life could interpret the ambiguity they are responsible for creating to their financial benefit and to the detriment of the insured.  In this regard, a declaration by Dr. Wong regarding her input on the Attending Physician Statement is a relatively minor imposition on the purpose behind the general rule that only the information contained in the administrative record should be considered; an intrusion that is justified by the assurance it provides that Sun Life is not engaging in self-serving interpretation of the ambiguity it created.

Doc. # 39 at 6:4 - 25.

   Dr. Wong's declaration was subsequently submitted as Exhibit "C" to the Declaration of Steven M. McQuillan, Doc. # 26.

   As the court pointed out in its March 9 Order, the purpose of the court's review under the standard of *de novo* review is simply to determine whether the plan administrator (in this case the through the claims administrator) made the proper decision in denying benefits. Opeta v. Northwest Airlines Pension Plan, 484 F.3d 1211, 1217 (9th Cir. 2007).  That determination should be based primarily on the court's consideration of information that was before the plan (or claims) administrator at the time of the decision unless the court determines that additional information is necessary to adequately conduct the determination.

Mongeluzo v. Baxter Travenol Long Term Disability, 46 F.3d 938, 943 (9th Cir. 1995).  As the court explained in its March 9 Order, the decision to permit the addition of a declaration by Dr. Wong to the record before the court was driven by the fact that the court had no other means to resolve an ambiguity that was created by Defendants and that disadvantaged Plaintiff.  In essence, what the court sought was not information in addition to what was before the claims administrator at the time the decision was made, it was aid in interpreting the information that was before the claims administrator in the manner intended by the person who provided the information.

Defendants' motion to depose Dr. Wong, and conduct an IME and an FCE must be denied because it inappropriately changes the focus of the court's inquiry.  The court's purpose is to determine whether the information before the claims administrator at the time benefits were denied reasonably indicated that Plaintiff was not disabled at the time benefits were denied.  Common sense dictates that an IME or FCE conducted now would reflect Plaintiff's functional capacity at this time, not at the time the decision to deny disability benefits was made.  Given that Defendants have provided no information that contradicts this common sense interpretation, the court must conclude IME or FCE examinations would be irrelevant to the court's task of determining whether the claims administrator make the correct decision at the time the decision was made.

Likewise, the court can also see no possible relevance in a further deposition of Dr. Wong.  The Attending Physician Statement completed by Dr. Wong is what was before the claims administrator.  Defendants urge the court to grant leave for the taking of a deposition so that defendants can "review or investigate the claims raised by Dr. Wong in her declaration."  Doc. # 40 at 3:11-12.  The problem with Defendants' request is that no "claims" are set forth in Dr. Wong's declaration; the declaration is merely a statement of what she intended to convey by completing the Attending Physician Statement.

Defendants argue that Dr. Wong's declaration was not before the claims administrator and that fairness requires that Defendants be allowed an opportunity to respond through additional discovery.  This argument misconstrues the court's purpose.  As the court noted in

1   its March 9 Order, the form that comprises the "Attending Physician Statement" is inherently
2   ambiguous with respect to the issue of whether the capacities noted (standing, sitting,
3   driving) are exclusive or additive.  There is no dispute that the Attending Physician
4   Statement is a form drafted by Sun Life and used by the claims administrator.  Under ERISA,
5   the general rule is that ambiguities created by the plan are construed in favor of the insured
6   and against the plan.  See Barnes v. Independent Auto. Dealers Ass'n of Cal. Health &
7   Welfare Benefit Plan, 64 F.3d 1389, 1393 (9th Cir. 1995) (noting that any ambiguities in an
8   ERISA plan must be construed against the drafter in favor of the participant).  Given the
9   ambiguity inherent in the Attending Physician Statement form, the court determined it had a
10  choice between permitting the declaration of Dr. Wong or simply construing the ambiguity
11  against Defendant.  The court chose the former out of concern for fairness to all parties.

12          As part of its *de novo* review of Defendants' denial of benefits on Plaintiff's claim,
13  the court's task is to determine whether the meaning imparted to the Attending Physician
14  Statement by the claims administrator was correct or reasonable in light of the meaning that
15  Dr. Wong intended to impart as explained in her declaration.  In permitting Plaintiff's to
16  submit a declaration by Dr. Wong, the court has no interest other than to fairly resolve the
17  ambiguity contained in Defendants' Attending Physician Statement.  The court finds that the
18  declaration of Dr. Wong that was submitted by Plaintiff adequately resolves the ambiguity.
19  The court finds that the court's *de novo* review of Plaintiff's ERISA claim requires no further
20  input by either party in order to resolve the ambiguity that was the subject of the court's
21  March 9 Order.

23          THEREFORE, for the reasons discussed above, Defendants Motion to Respond to the
24  Augmented Administrative Record is hereby DENIED.

26  IT IS SO ORDERED.
27  **Dated:    July 8, 2009**              **/s/ Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE
28